1

2                    **UNITED STATES DISTRICT COURT**

3                          **DISTRICT OF NEVADA**

4                                   **\*\*\***

5      MICHAEL COLEMAN,

                              Plaintiff,

6      vs.                                    Case No. 2:14–cv–1614–JAD–VCF

7      MONTE CARLO RESORT,                     <u>**ORDER AND**</u>
                                               <u>**REPORT & RECOMMENDATION**</u>
8                            Defendant.

9

10          This matter involves *pro se* Plaintiff Michael Coleman's civil action against the Monte Carol

11     Resort. (#1-1[1]). Before the court is Coleman's Application to Proceed *in Forma Pauperis* (#1) and

12     Complaint. For the reasons stated below, Coleman's Application to Proceed *in Forma Pauperis* is

13     granted and the court recommends dismissing Coleman's complaint without leave to amend.

14                                  **BACKGROUND**

15          Coleman, a former security officer, was terminated for sleeping on the job on December 16,

16     2013. (Compl. (#1-1) at 2). Coleman's subsequently filed an administrative action with the Nevada

17     Department of Employment, Training, and Rehabilitation for violating N.R.S. § 612.385. On May 19,

18     2014, the Department rendered a final decision, which gave Coleman until June 10, 2014, to commence

19

20     a civil action.

21                         ***IN FORMA PAUPERIS* APPLICATION**

22          Under 28 U.S.C. § 1914(a), a $400.00 filing fee is required to commence a civil action in federal

23     court. The court may authorize the commencement of an action without prepayment of fees and costs or

24     security therefor, by a person who submits an affidavit that includes a statement showing the person is

25

---

[1] Parenthetical citations refer to the court's docket.

unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed .Appx. 157 (2nd Cir. 2002).

Coleman asserts in his application to proceed *in forma pauperis* that he is employed and earns $531.00 on a bi-weekly basis. (#1). Additionally, Coleman asserts that his monthly expenses include $834,00 for rent, $200.00 for utilities, $60.00 for bus fare, and $70.00 for trash. (*Id*.) Accordingly, Coleman's application to proceed *in forma pauperis* is granted.

## LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain" "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8(a)'s requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680; *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir 2014) (extending *Iqbal* to Rule 8(a)(1)).

2

**DISCUSSION**

Coleman's complaint should be dismissed because the court lacks subject-matter jurisdiction. Coleman's action is predicated on a state agency's determination regarding his claim for wrongful termination.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute, *see id.* (citation omitted) and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. CONST. art. III, § 2, cl. 1. The burden of proving jurisdiction rests on the party asserting jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799).

Here, Coleman's complaint asserts a claim under N.R.S. § 612.385. This is an insufficient jurisdictional basis. Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Coleman's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Warren is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

3

IT IS RECOMMENDED that Coleman's complaint (#1-1) be DISMISSED for lack of subject-matter jurisdiction.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 7th day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4