**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHAEL COLEMAN,

        Plaintiff,

vs.

MONTE CARLO RESORT,

        Defendant.

Case No. 2:14–cv–1614–JAD–VCF

**<u>ORDER</u>**

This matter involves *pro se* Plaintiff Michael Coleman's civil action against the Monte Carlo Resort ("Monte Carlo") (#4[1]). Before the court is Coleman's Amended Complaint (#4). For the reasons state below the court orders, Coleman's Amended Complaint to be filed.

**BACKGROUND**

Plaintiff Coleman, proceeding *pro se*, filed his initial complaint (#1) before this court on October 1, 2014. The court reviewed Coleman's complaint and granted his request to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915. After reviewing Coleman's initial complaint under 28 U.S.C. § 1915(e), which requires that the complaint be reviewed to determine whether it is frivolous, malicious, or fails to state a plausible claim, the court recommended that Coleman's initial complaint be dismissed for lack of subject-matter jurisdiction. The court also ordered Coleman to file an amended complaint for screening. That complaint is the subject of this order, which the court now screens under 28 U.S.C. 1915(e).

//

//

---

[1] Parenthetical citations refer to the court's docket.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain" "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8(a)'s requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680; *see also Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir 2014) (extending *Iqbal* to Rule 8(a)(1)). Complaints by pro se litigants, however, are held to less stringent standards than those filed by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78. Coleman's amended complaint states two claims for relief, 1) discrimination and retaliation in violation of Title VII and the Civil Rights Act of 1991; and 2) violations of 42 U.S.C. § 1981. Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Iqbal*, 556 U.S. at 679.

Here, Coleman alleges disparate treatment between himself, an African American male, and a Caucasian female (#4). According to Coleman, Defendant Monte Carlo allegedly caught Coleman sleeping on the job in December of 2013 (#4 at 2). Plaintiff contends that he had not slept on the job at any point and that he complied completely with the investigation. *Id.* Subsequently, Plaintiff was discharged for allegedly sleeping on the job. *Id.* at 3. By contrast, Terry Schad, a Caucasian female, was caught sleeping on the job in November of 2013 and was merely suspended. *Id*. Defendant ultimately

2

returned Schad to her position. *Id*. Because pro se litigants are held to less stringent standards, Coleman supported his claim with factual allegations. *Iqbal*, 556, U.S. at 679.

Furthermore, the Department of Employment, Training and Rehabilitation ("DETR") reviewed this matter for purposes of determining benefits and found that Defendant Monte Carlo failed to provide supporting documentation substantiating its claim for discharging Coleman. (#1-1 at 5-8). Defendant presented DETR with a video for the purpose of proving that Coleman was asleep while on the job. *Id*. at 7. DETR found the video to be inconclusive. According to Coleman, the Equal Employment Opportunity Commission ("EEOC") issued Coleman a right to sue on or about July 25th 2014.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that for purposes of screening, Plaintiff states a claim for relief and a showing that Plaintiff is entitled to relief and as result may proceed with his suit.

IT IS FURTHER ORDERED that Coleman's Amended Complaint be filed.

IT IS SO ORDERED.

DATED this 13th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE